OUTLER *v.* GLADSON.

Opinion delivered March 19, 1928.

1. SALES—IMPLIED WARRANTY OF SECOND-HAND MACHINE.—In an action on a note which showed on its face that it was given in part payment for a second-hand machine, there was no implied warranty of the serviceability of the machine.

2. BILLS AND NOTES—SUFFICIENCY OF EVIDENCE.—In an action on a note, execution of which was admitted, the defense being that the note had been canceled, *held,* in the absence of competent testimony that the note had been paid and canceled, it was proper to direct a verdict for plaintiff.

3. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—It was not error to refuse a new trial for newly discovered evidence, where it was not shown that appellant did not know of such testimony before the trial and could not by reasonable diligence have procured the attendance of witness at the trial.

Appeal from Garland Circuit Court; *Earl Witt,* Judge; affirmed.

*C. T. Cotham,* for appellant.

*Murphy & Wood* and *Cobb & Cobb,* for appellee.

SMITH, J. Appellee, as administrator of the estate of A. F. Smith, deceased, brought this suit to recover on a note executed by appellant to the order of plain-

tiff's intestate, which was given in part payment of a second-hand Delco light plant, that fact being recited in the face of the note. There was a cash payment of $100, and the note evidenced the balance of the purchase price.

The answer alleged that the plant was worn out and worthless, but did not allege there had been any warranty or breach thereof. An amended answer alleged that the note had been paid and satisfied under an agreement had with one J. B. Chapline, as agent of the Delco Light Company, whereby it was agreed that appellant should purchase a new light plant and should have credit for the amount of the note sued on. In other words, as a consideration for entering into a contract to buy a new plant it was agreed that the note given for the old one should be canceled.

At the conclusion of all the testimony the court directed the jury to return a verdict for plaintiff for the face of the note and the interest, upon the theory that no valid defense to the note had been shown.

It is quite probable an issue for the jury might have been made upon the question of an agreement between appellant and the payee in the note whereby the note sued on was to be canceled, but for the statute which prohibited him from testifying concerning transactions had with the plaintiff's intestate. Section 4144, C. & M. Digest. Realizing this handicap, appellant attempted to show that Smith, the intestate, and Chapline, the agent of the light company who made the sale of the new plant, were partners in the agency for the light company, and that Chapline had, in Smith's presence, assented to the arrangement, and he thereby bound his partner, and that both sales were in fact partnership transactions. The testimony was not sufficient to support a finding that Smith and Chapline were partners in the agency, although both were agents, and therefore the court properly refused to submit that question.

The contract for the sale of the new light plant, which appears to have been negotiated by Chapline as agent, was offered in evidence, and it does not appear

from this contract that any diminution of the price of the new plant was to be made on account of the worthlessness of the old one. The note sued on was not given to the light company, but was made direct to Smith, and it does not appear that the light company was in any manner interested in it. On the contrary, the undisputed testimony shows that the old plant, in part payment of which the note sued on was given, was the individual property of Smith.

As the note sued on shows that it was given in part payment of a certain second-hand machine, there was no implied warranty of the serviceability of the machine, and an express warranty could have been shown in this case only by proving statements of the intestate in the transaction between himself and appellant, the defendant in the case, and this could not be done because the statute prohibited it. Indeed, as we have said, there was no allegation of a breach of warranty in the answer.

Appellant insists there was testimony from which the jury could have found that Smith and Chapline were partners, but, if this were true—and we do not think it is—there is an entire absence of testimony that the partnership owned or was interested in the note sued on. As this note was the individual property of Smith, Chapline could not have agreed to its cancellation. There was therefore no competent testimony that the note had been paid and canceled, and the verdict was therefore properly directed in appellee's favor, as the execution of the note was admitted.

A new trial was asked upon the ground of newly-discovered evidence, which we do not review, for, even though the testimony were held to be competent and material, no showing was made that appellant did not know of this testimony before the trial and could not, by reasonable diligence, have procured the attendance of the witness at the trial.

As no error appears, the judgment must be affirmed, and it is ordered.